IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAWKINS CONSTRUCTION COMPANY, a Nebraska corporation;<br><br>Plaintiff,<br><br>vs.<br><br>PETERSON CONTRACTORS, INC., an Iowa Corporation; GROUND IMPROVEMENT ENGINEERING, L.L.C., an Iowa Limited Liability Company; GEOPIER FOUNDATION COMPANY, a Georgia corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation; ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation; and AXIS SURPLUS INSURANCE COMPANY, an Illinois corporation;<br><br>Defendants. | 8:13CV46<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Zurich American Insurance Company's ("Zurich") motion to dismiss for failure to state a claim, Filing No. 45; Axis Surplus Insurance Company's ("Axis") motion to dismiss for failure to state a claim, Filing No. 47; Ground Improvement Engineering's ("GIE") motion to dismiss for failure to state a claim, Filing No. 55; Geopier Foundation Company's ("Geopier") motion to dismiss for failure to state a claim, Filing No. 62; and Hawkins Construction Company's ("Hawkins") motion to strike the reply brief, Filing No. 72.

## BACKGROUND

Hawkins entered into a Prime Contract with the Nebraska Department of Roads ("NDOR") for construction and reconstruction of United States Highway 75/United States Highway 34. The Prime Contract required Hawkins to build and design an Intermediate Foundation Improvement ("IFI"). Hawkins was required to design and

build an IFI to increase the allowable bearing capacity and improve global stability beneath a Mechanically Stabilized Earth wall ("MSE Wall") to be placed on the Project. Filing No. 1 at ¶ 11. Hawkins entered into a subcontract with Peterson Contractors, Inc. ("PCI") to build the foundation. PCI signed and agreed to indemnify Hawkins. PCI also entered into a performance bond and a payment bond, with a penal sum of $279,400. PCI obtained the bond from defendant Travelers Casualty and Surety ("Travelers"). Hawkins also required PCI to obtain a commercial general liability policy and an umbrella policy in the amount $3,000,000. PCI then entered into an agreement with Geopier and also GIE, noted as the Sub-Consultant Agreement. Hawkins alleges that PCI, GIE and Geopier breached their duty of care and failed to properly design and perform their work on the project, and in fact NDOR rejected the work done by them. The NDOR demanded removal and replacement of the work. Following PCI's failure to cure, Hawkins' personnel had to remediate the work.

Hawkins sent Travelers a claim for damages. Travelers refused to make payment for the removal and replacement of the deficient and defective work. Likewise, following a request by Hawkins, neither Zurich nor Axis accepted or denied responsibility or agreed to indemnify or pay Hawkins for its damages.

Hawkins sues on the following claims for relief: First Claim, breach of contract against PCI; Second Claim, negligence against PCI; Third Claim, breach of implied warranties against PCI; Fourth Claim, contractual indemnity against PCI; Fifth Claim, negligence against Geopier; Sixth Claim, breach of implied warrants against both Geopier and GIE; Seventh Claim, equitable indemnity against both Geopier and GIE; Eighth Claim, negligence against GIE; Ninth Claim, contribution against Geopier and GIE; Tenth Claim, equitable subrogation against Geopier and GIE; Eleventh Claim,

2

misrepresentation against GIE and Geopier; Twelfth Claim, performance bond claim against Travelers; Thirteenth Claim, payment bond claim against Travelers; Fourteenth Claim, breach of insurance agreement against Zurich; and Fifteenth Claim, breach of insurance agreement against Axis.  Filing No. 1.

### STANDARD OF REVIEW

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678-79. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal,* 556 U.S. at 679.

4

## DISCUSSION

A.  Filing No. 45, Motion to Dismiss by Zurich; Filing No. 47, Motion to Dismiss by Axis

Zurich contends that Hawkins' breach of contract claim against it alleging failure or refusal to indemnify with respect to remediation should be dismissed.[1]  First, argues Zurich, Hawkins has failed to set forth any facts showing it is an additional insured under the Zurich policy issued to PCI.  Second, even if Hawkins were an additional insured, Zurich contends that Hawkins' voluntary remediation does not constitute "property damage" caused by an "occurrence" under the commercial general liability policy.  In particular, these two defendants argue that there are no facts in the complaint that, if true, would show Hawkins is an additional insured under the policies.  Further, these two defendants contend that Hawkins fails to cite to specific parts of the contract showing it is an additional insured.

Hawkins disagrees and contends it clearly alleges in the complaint that it is an additional insured under the policies, pointing to ¶ 18, stating ""PCI obtained the Policies from Zurich and Axis which Policies named Hawkins as an additional insured."  Filing No. 1, Complaint, ¶ 18.  Further, Hawkins also attached a Certificate of Liability Insurance as Exhibit 4 to the Complaint, which lists both Zurich and Axis as insurers and states, "For the project described as US-75/US-34 – Platteview Intersection NH-34-7(124), Hawkins Construction and NDOR are named as additional insured on a primary, noncontributory basis including completed operations on the GL." (See Complaint Exhibit 4).  Filing No. 1, Complaint, Ex. 4.  Finally, Hawkins notes that in the answer

---

[1] Axis joins in its motion with Zurich averring the same arguments.

5

filed by PCI it states that it "obtained insurance policies from Zurich and Axis relating to the Project in a coverage amount of at least $3,000,000, that said policies named Hawkins as an additional insured, [and] that Exhibit 4 appears to be a true and correct copy of the Certificate of Liability Insurance." Filing No. 50, Answer, ¶ 18.

The court finds that Hawkins has met the notice pleading requirement for this case. See Twombly, 550 U.S. at 555 and Iqbal, 556 U.S. 662. The complaint clearly alleges that PCI and GIE and Geopier created and are responsible for defective construction and designs. There are insufficient facts for the court to decide coverage issues or to determine whether the allegedly improper work meets the definition of occurrence at this stage of the litigation. For purposes of this motion, however, Hawkins has stated claims sufficient to place defendants on notice of the claims against them, and the court finds that the allegations state a plausible claim for relief. The claims made by these defendants are more appropriately raised at the time of a summary judgment motion.

B. Filing No. 55, Motion to Dismiss by GIE; Filing No. 62, Motion to Dismiss by Geopier

*1. Privity*

GIE moves to dismiss claims six through eleven[2] of the complaint contending Hawkins has failed to allege facts sufficient to support its claims for relief, as it is not in privity with Hawkins, and contends that Hawkins also fails to specifically plead the claim for misrepresentation under Fed. R. Civ. P. 9(b).

---

[2] Those claims include breach of implied warranties, equitable indemnity, negligence, contribution, equitable subrogation, and negligent misrepresentation.

6

With regard to the first argument, GIE contends that Hawkins is not in privity with GIE. Absent fraud or extraordinary facts, "professionals are not liable in negligence to third parties with whom they are not in privity of contract." *John Day Co. v. Alvine & Assoc., Inc.*, 1 Neb. App. 954, 961, 510 N.W.2d 462, 466 (1993). There was a layer of subcontractors between Hawkins and GIE. Thus, argues GIE, there is no basis upon which Hawkins can sue them.

As it relates to the implied warranty of fitness for a particular purpose, GIE argues that no such cause of action exists in Nebraska. In any event, GIE supplied Hawkins' subcontractor design services, not a product. GIE argues that Nebraska courts have rejected an implied duty to perform in a workmanlike manner where the plaintiff owner was not in privity with the defendant subcontractor. *Moglia v. McNeil Co., Inc.,* 270 Neb. 241, 245, 700 N.W.2d 608, 614 (2005).

Hawkins opposes this motion in its entirety. Hawkins contends that the argument involving privity is premature and without merit. Hawkins asserts that these defendants are arguing the ultimate fact issues, but not the sufficiency of the complaint. Hawkins did not have a copy of the sub-consultant agreement or the consulting agreement at the time it filed this lawsuit. Accordingly, the arguments made by the defendants cannot be responded to by Hawkins, it argues.

Further, Hawkins claims that it has pleaded facts sufficient to state a claim for breach of implied warranties against GIE and Geopier. Hawkins states that Nebraska courts hold: "In building and construction contracts, in the absence of an express agreement to the contrary, the law implies that the building will be erected in a reasonably good and workmanlike manner and will be reasonably fit for the intended purpose." *Lange Indus., Inc. v. Hallam Grain Co.*, 244 Neb. 465, 474, 507 N.W.2d 465,

473 (Neb. 1993) (citing *Henggeler v. Jindra,* 191 Neb. 317, 214 N.W.2d 925 (Neb. 1974)); *see also Pioneer Enterprises, Inc. v. Edens,* 216 Neb. 672, 674-76, 345 N.W.2d 16, 18-19 (Neb. 1984) ("In building and construction contracts, in the absence of an express agreement to the contrary, it is implied that the building will be erected in a reasonably good and workmanlike manner and will be reasonably fit for the intended purpose."); *Numon v. Stevens,* 162 Neb. 339, 341, 76 N.W.2d 232, 233 (Neb. 1956) ("One who undertakes, for a consideration, to do work requiring special skill, impliedly represents that he possesses and will exercise such reasonable degree of skill as the nature of the services may require."). Defendants contend that these cases cited by the plaintiff are inapplicable, as there is no claim pertaining to design or other professional services involved. Defendants assert that they did not construct anything, but instead prepared a design. Thus, the cases involving workmanlike manner issues do not apply.

Hawkins argues and pleads it its complaint that it has a special relationship with the defendants. Hawkins states it worked directly with the defendants on the design documents. Hawkins relies on a Nebraska Supreme Court case which found the defendant produced inaccurate and misleading documents to assist its client in obtaining credit and bonds from a third party. The Supreme Court of Nebraska permitted an action by the third party against the defendant. *St. Paul Fire & Marine Insurance Company v. Touche Ross & Company*, 224 Neb. 408, 415, 507 N.W.2d 275, 280 (Neb. 1993). Hawkins analogizes the *St. Paul* case to the one at hand, arguing that the defendants did not meet their professional standard of care, communicated directly with Hawkins, made their documents directly available to Hawkins, and intended that Hawkins would rely on these design documents.

8

Hawkins likewise argues that its complaint is sufficient to state a claim against both of these defendants for equitable indemnity, contribution, and equitable subrogation. "At common law, one who is compelled to pay damages resulting from the negligence of another, has a cause of action for indemnity against the tort-feasor." *New Amsterdam Cas. Co. v. Boaz-Kiel Const. Co.*, 115 F.2d 950, 951 (8th Cir. 1940). "[T]he right to indemnity is generally regarded as equitable in nature." *Warner v. Reagan Buick, Inc.*, 240 Neb. 668, 676, 483 N.W.2d 764, 770 (Neb. 1992). "Under Nebraska law, indemnification is available when one party is compelled to pay money which in justice another ought to pay . . . ." *Id.*; *see also Downey v. W. Cmty. Coll. Area*, 282 Neb. 970, 989-90, 808 N.W.2d 839, 854-55 (Neb. 2012). Contribution involves the sharing of loss between parties who are jointly liable. *Warner*, 483 N.W.2d at 771. "Subrogation involves a substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim and its rights, remedies, or securities." *Blue Cross & Blue Shield of Nebraska, Inc. v. Dailey,* 268 Neb. 733, 739-40, 687 N.W.2d 689, 696 (2004) (citing *Jensen v. Board of Regents*, 268 Neb. 512, 684 N.W.2d 537 (2004)). Hawkins contends that these three causes of action are equitable in nature and are not the same as professional negligence.

GIE argues it is not liable to NDOR and thus any claims for equitable indemnity, contribution and equitable subrogation fail. See *John Day Co. v. Alvine & Assocs., Inc.*, 1 Neb. App. 954, 510 N.W.2d 462 (1993); *Hiway 20 Terminal, Inc. v. Tri County Agri-Supply, Inc.*, 232 Neb. 763, 769, 443 N.W.2d 872, 876 (1989) (both must owe a duty for indemnity to apply); see also "[A] common liability to the same person must exist in order for there to be contribution." *Estate of Powell ex rel. Powell v. Montange,* 277

9

Neb. 846, 849-50, 765 N.W.2d 496, 500 (2009). As for the equitable subrogation claim, "[i]t is well established that 'a party cannot acquire by subrogation any rights not possessed by the party whose rights are subrogated.'" *Motor Club Ins. Ass'n v. Fillman*, 5 Neb. App. at 937, 568 N.W.2d at 264 (1997).

With regard to the remaining causes of action, GIE contends they are likewise really claims for professional negligence. Hawkins states "[t]he damages suffered by Hawkins for the removal and replacement of the IFI design and construction work are the proximate result of the acts or omissions of Geopier and/or [GIE], including but not limited to their failure to meet the professional standard of care with respect to design and engineering services". Filing No. 1, Complaint at ¶¶ 63, 72, 76.

The court agrees with GIE and Geopier that Hawkins has failed to show privity of contract with respect to each of these claims as to these subcontractors. Privity is a requirement under Nebraska state law, and the court finds no exception that would apply in this case. *John Day Co. v. Alvine & Assoc., Inc.*, 510 N.W.2d at 466. No matter how Hawkins couches these claims, including those for equitable relief, they are really claims for professional negligence. The court finds there is no privity of contract between Hawkins and these defendant subcontractors. Accordingly, the court will grant the motions to dismiss with respect to each of these claims.

*2. Misrepresentation*

GIE next argues that the claim for misrepresentation is wrongly pled.[3] Negligent misrepresentation is similar to fraud and must be pled with particularity. *Creighton University v. General Elec. Co.*, 636 F.Supp.2d 940, 946 (D. Neb. 2009). The Eighth

---

[3] Geopier filed a motion to dismiss and a brief in support. Filing Nos. 62 and 63. Geopier again adopts and incorporates by reference all the arguments made by GIE.

Circuit has stated that the plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. . . . In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Freitas v. Wells Fargo Home Mortg., Inc.,* 703 F.3d 436 (8th Cir. 2013).

With regard to the fraud/misrepresentation allegations, Hawkins argues that the design plan contained negligent misrepresentations, and in particular misrepresented that the design met the Prime Contract specifications. Hawkins contends that this cause of action should not be dismissed, as it alleges with particularity that the defendants presented that the design was sufficient to meet the Prime Contract requirements when in fact it was not. The complaint further states that the representations were false, that defendants knew they were false, that the representations were for the benefit of Hawkins, and that the defendants knew Hawkins would rely on those representations and incur damages. Thus, argues Hawkins, privity is not required. See *John Day Co.,* 510 N.W.2d at 466.[4]

The court agrees that this cause of action is not sufficient under *Twombly* and *Iqbal*. As currently pled, this cause of action is an apparent end-around the privity

---

[4] Defendants also contend that Hawkins cannot sue them for economic loss. "The economic loss doctrine, generally stated, is a 'judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses.'" *Lesiak v. Cent. Valley Ag Co-op., Inc.*, 283 Neb. 103, 118-19, 808 N.W.2d 67, 80 (Neb. 2012) (quoting *Indemnity Ins. Co. v. American Aviation,* 891 So.2d 532, 536 (Fla. 2004)). The Nebraska Supreme Court stated: "the economic loss doctrine precludes tort remedies only where the damages caused were limited to economic losses and where either (1) a defective product caused the damage or (2) the duty which was allegedly breached arose solely from the contractual relationship between the parties." *Lesiak*, 808 N.W.2d at 81. "[E]conomic losses are defined as commercial losses, unaccompanied by personal injury or other property damage." *Id.* Hawkins, however, contends it is asking for property damages to other parts of the project as a result of the professional negligence. Hawkins argues this is an extraordinary circumstance as discussed in the John Day case. The court need not decide this issue in view of its rulings herein.

requirement. The alleged misrepresentation and fraud allegations appear to only deal with professional negligence. There is no privity, as discussed herein, between these two defendants and Hawkins. There are insufficient facts pled to show that any fraud or misrepresentations occurred that are actionable, as Hawkins has not pled such facts with particularity. As plead they are negligence claims, pure and simple, that are subject to the privity requirement. Out of an abundance of caution, the court will allow plaintiff to amend its complaint or abandon this claim in the event there are no actions of fraudulent misrepresentation. Plaintiff has 14 days from the date of this Memorandum and Order to so amend its complaint as to the misrepresentation claims.

THEREFORE, IT IS ORDERED:

1. Zurich American Insurance's motion to dismiss for failure to state a claim, Filing No. 45, is denied.

2. Axis Insurance Company's motion to dismiss, Filing No. 47, is denied.

3. Ground Improvement Engineering's motion to dismiss, Filing No. 55, is granted in part.

4. Geopier Foundation Company's motion to dismiss, Filing No. 62, is granted in part.

5. Hawkins Construction Company's motion to strike the reply brief, Filing No. 72, is denied.[5]

---

[5] Hawkins contends that the reply brief alleges new materials and is not responsive to the previous arguments made by Hawkins. Further, for the first time, defendants attached a copy of the agreements at issue in this lawsuit. The court need not address this issue, as the decision of the court is the same with or without the reply brief and attachments. Further, if needed, Hawkins could have requested permission to file a reply to the reply, based on the attachment of the agreements.

6. The plaintiff is granted 30 days to file an amended complaint relating to its Eleventh Claim for Relief against GIE and Geopier. If an amended complaint is not timely filed, the plaintiff's Eleventh Claim for Relief is dismissed.

Dated this 4th day of September, 2013.

> BY THE COURT:
>
> s/ Joseph F. Bataillon
> United States District Judge