IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAWKINS CONSTRUCTION COMPANY,<br><br>    Plaintiff,<br><br>  vs.<br><br>PETERSON CONTRACTORS, INC., et al.,<br><br>    Defendants. | 8:13CV46<br><br>PROTECTIVE ORDER |

  This matter is before the court on the parties' Joint Motion for Protective Order (Filing No. 117). The Court is informed that the parties are engaged in discovery which may involve, among other things, the production or disclosure of information deemed confidential and of their wish to enter into this Protective Order. The parties' Joint Motion for Protective Order (Filing No. 117) is granted as follows.

  **IT IS ORDERED**:

  1. This Protective Order applies to all Confidential Information produced by a party in this case, whether revealed in a document, deposition, an interrogatory answer or otherwise.

  2. "Confidential Information" as used herein means proprietary and/or trade secret business information pertaining to the parties, and other unpublished and confidential information relating to the parties. Such information may include any type or classification of information which is designated as "Confidential" by the supplying party, whether revealed during a deposition, in a document, in an interrogatory answer or otherwise. In designating information as "Confidential," the supplying party will make such designation only as to that information that that party in good faith believes to be Confidential Information.

  3. "Document" as used herein refers to any written or graphic matter, no matter how produced, recorded, stored or reproduced and includes tape recordings or other electronically stored data, together with the programming instructions and other written material necessary to understand such tapes and data.

4. "Qualified Persons" herein means (a) parties and in-house and outside counsel representing a party to this case, including associate attorneys and paralegals; (b) experts who are assisting counsel in the preparation of this case; (c) any litigation assistant, paralegal, stenographic, secretarial or clerical personnel assisting such counsel in this case; (d) any litigation assistant, paralegal, stenographic, secretarial or clerical personnel employed by the expert assisting such expert in this case; (e) any court reporter or typist recording or transcribing testimony; (f) the Court; (g) officers, board members, and directors of the parties; (h) the parties insurers; and (i) any other persons agreed to by the parties, either as to all or any Confidential Information in this case.

5. "Termination of this case" as used herein means thirty-one (31) days after the entry of the final judgment or stipulation of dismissal in the event of settlement, or in the case of an appeal, the date when all appeals are resolved.

6. The parties will use the Confidential Information produced pursuant to this Protective Order only for the purpose of preparing for or conducting this case. The parties may designate documents as Confidential after providing access thereto to the opposing party without waiving the right to make such designations, so long as such designations are made promptly after such documents are reviewed by the opposing party.

7. This Protective Order shall be without prejudice to the right of any party to oppose production of information for any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. The existence of this Protective Order shall not be used by any party as a basis for discovery that is not otherwise proper under the Federal Rules of Civil Procedure. Inadvertent production by a party or third party of privileged discovery material is not intended to waive any applicable privilege. A party notified by another party or third party of inadvertent production of privileged discovery material will return all copies of such material to the party claiming the privilege within seven (7) days of the receipt of the notification of the inadvertent disclosure. If the receiving party disputes the claim of privilege or the claim the disclosure was inadvertent, the burden is on the receiving party to seek a ruling from the Court on the applicability of the privilege before the materials can be used in any way.

In the event of a dispute about the applicability of a privilege, the material shall be treated as Confidential under the terms of this Protective Order pending the resolution of the dispute.

8. Except as provided herein, Confidential Information produced in this case shall be disclosed by the receiving party only to Qualified Persons who shall have read this Protective Order. Provided, however, that nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure. Requests by a party to disclose Confidential Information beyond the terms of this Protective Order shall be made in writing. If the party claiming confidentiality does not respond within seven (7) days of the receipt of the request, the request will be presumed to be granted.

9. Material designated as Confidential may be used at a nonparty deposition only if necessary to the testimony of the witness.

10. Any Confidential Information supplied in written or documentary form shall be labeled by the supplying party "Confidential." Persons may be deposed regarding Confidential Information pursuant to the terms of this Protective Order. Only Qualified Persons and the witness shall be present at such depositions.

11. During a deposition, a confidential designation can be made at any time when counsel reasonably believes that testimony regarding confidential information is about to be provided, or alternatively, has been provided. If a party fails to designate deposition testimony as confidential during a deposition, counsel shall nevertheless have ten (10) days following receipt of the deposition transcript to designate any testimony set forth therein as confidential.

12. In the event that the receiving party disagrees with the designation by the producing party of any information as Confidential Information, then the parties will try first to resolve such dispute on an informal basis before presenting the dispute to the Court. In the event the parties fail to resolve such dispute informally, the producing party bears the burden of persuading the Court that the information is in fact Confidential. This same procedure applies to the designation of confidential deposition testimony.

13. No party shall be obligated to challenge the propriety of a "Confidential" designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

14. The receiving party shall maintain all Confidential Information produced or exchanged in this action or notes or other records regarding the contents thereof, in the custody of in-house or outside counsel, and no partial or complete copies thereof shall be retained by anyone else at any other location than the offices of such counsel, except when being used by experts in connection with this case, or at depositions, unless otherwise authorized by stipulation of the parties or by order of the Court.

15. Upon termination of this case, each party shall within thirty (30) days assemble and return to the supplying party, with the cost of shipping borne by the supplying party, all Confidential Information and documentary material or memoranda embodying information designated Confidential, including all copies of such memoranda or documentary material which may have been made, but not including any notes or other attorney's work product that may have been placed thereon by counsel for the receiving party. Alternatively, at the option of the supplying party, the receiving party shall destroy all such materials within thirty (30) days of the termination of this case and certify to the supplying party that he or it has done so. As to any copies of Confidential materials claimed to contain attorney's work product, they shall be destroyed by the receiving party within thirty (30) days of the termination of this case, and that party shall certify to the supplying party that he or it has done so.

16. Nothing in this Protective Order will prejudice any party from seeking amendments thereto broadening or restricting the rights of access to and use of Confidential Information, or other modifications.

Dated this 8th day of January, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge